James H. McGean, as Executor, etc., Respondent, v. The Manhattan Railway Company, Appellant.

*It seems* that, in an action to recover damages for injuries to the easements of light, air and access to property, pertaining to real estate, caused by the erection, operation and maintenance of an elevated railroad upon an adjoining street, a question calling for the opinion of a witness as to what would have been a fair rental value of the property if the railroad had not been built is incompetent; that opinions of witnesses as to the causes which occasioned a decrease of rental value, and as to the amount of damages caused thereby, are not proper evidence.

A judgment, however, will not be reversed for error in the admission of such testimony when the court is satisfied, upon an examination of the whole case, that the appellant has not been prejudiced thereby.

Where, therefore, in such a case abundant and competent evidence was given from witnesses having knowledge of the facts showing that the actual rental value of similar property in the same street steadily decreased after the building of defendant's road; that while it was being constructed business on the street began to fall off; that dirt, ashes, smoke and cinders filled the air, darkened the light and embarrassed the trade so that business left the street, and the verdict was for a less amount than the damages, this testimony tended to show, *held*, that the case showed defendant was not prejudiced by the error, and so it was no ground for a reversal.

(Argued October 15, 1889; decided November 26, 1889.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made November 30, 1888, which affirmed a judgment in favor of plaintiff.

The nature of the action and the facts are sufficiently stated in the opinion.

*Brainard Tolles* for appellant.   The opinion of witnesses
upon the very point at issue, and especially as to damages, can
be received only in cases where it is necessary, in order to pre-
vent a failure of justice, and in the absence of any other evi-
dence. . (*Wakeman* v. *W. & W. Mfg. Co.*, 101 N. Y. 205, 216;
*Van Deusen* v. *Young*, 29 id. 9, 36; *Norman* v. *Wells*, 17
Wend. 136; *Teerpenning* v. *C. E. Ins. Co.*, 43 N. Y. 279;
*Ferguson* v. *Hubbell*, 97 id. 514; *Reed* v. *McConnell*, 101
id. 276; *Crane* v. *Northfield*, 33 Vt. 124; *Hurt* v. *S. L.,*
*etc., R. Co.*, 94 Mo. 255; *Fish* v. *Dodge*, 4 Den. 311;
*Dunham* v. *Simmons*, 3 Hill, 609; *Morehouse* v. *Mathews*,
2 N. Y. 514; *Lincoln* v. *S. R. R. Co.*, 23 Wend. 425;
*Paige* v. *Hazard*, 5 Hill, 603; *Simons* v. *Monier*, 29
Barb. 419; *Armstrong* v. *Smith*, 44 id. 122; *Thompson* v.
*Dickhart*, 66 id. 604; *Whitmore* v. *Bischoff*, 5 Hun, 176;
*Schermerhorn* v. *Tyler*, 11 id. 549; *Fleming* v. *D. & H. C.
Co.*, 8 id. 358; *Gilbert* v. *Guild*, 12 N. E. Rep. 368; *Muff*
v. *Wabash & C. R. Co.*, 5 West. Rep. 40; *Van Wagoner* v.
*N. Y. C. Co.*, 36 Hun, 552; *Doty* v. *Stanton*, 18 N. Y. S.
R. 427; *Moyer* v. *N. Y. C. R. R. Co.*, 98 N. Y. 645.)
The opinion of witnesses upon a question as to which the facts
are capable of being presented to the jury and made the basis
of an intelligent judgment is objectionable. (*Drucker* v. *M.
R. Co.*, 106 N. Y. 157, 164; *Reed* v. *McConnell*, 101 id. 270,
276; *Ferguson* v. *Hubbell*, 97 id. 507, 514; *Hart* v. *H. R. B.
Co.*, 84 id. 57, 60; *Van Wagoner* v. *N. Y. C. Co.*, 36 Hun, 552.)
Opinions are inadmissible unless witness is shown to have some
certain basis of facts upon which to found his conclusion.
(*Wakeman* v. *W. & W. Mfg. Co.*, 101 N. Y. 205, 217; *Reed*
v. *McConnell*, Id. 276; *Hurt* v. *S. T., etc., R. Co.*, 94 Mo.
225.)   The witness, like every other intelligent man acquainted
with the property, could give his opinion on actual values:
he could not give his guess as to what values would have been
if circumstances had been different. (*Ferguson* v. *Hubbell*,
97 N. Y. 513; *Teerpenning* v. *C. E. Ins. Co.*, 43 id. 279.)
The evidence here admitted belongs to neither of the two
recognized classes of opinion evidence.   (1 Whart. on Ev.

§ 510; *Ferguson* v. *Hubbell*, 97 N. Y. 513; *Schwander* v. *Birge*, 46 Hun, 66; *R. & S. R. Co.* v. *Budlong*, 10 How. Pr. 289.) Expert opinions to be admissible must have some certain basis of facts proved or presumed. (*Reed* v. *McConnell*, 101 N. Y. 270; *Wakeman* v. *W. W. Mfg. Co.*, Id. 217.) Questions which are conjectural and invade the province of the jury are improper. (*Norman* v. *Wells*, 17 Wend. 136, 163; *Mayor, etc.*, v. *Pentz*, 24 id. 668; *Van Deusen* v. *Young*, 29 N. Y. 9, 36, 37; *Giles* v. *O'Toole*, 4 Barb. 291; *Harger* v. *Edmonds*, Id. 258; *Harpending* v. *Shoemaker*, 37 id. 292; *Wesson* v. *W. I. Co.*, 13 Allen, 95; *Burt* v. *Wigglesworth*, 117 Mass. 302; *Tingley* v. *City of Providence*, 8 R. I. 493; *Brown* v. *R. R. Co.*, 12 id. 238; *Thompson* v. *P. R. R. Co.*, 15 At. Rep. 833; *Railway Co.* v. *Gardner*, 45 Ohio St. 309; *R. R. Co.* v. *Campbell*, 4 id. 582; *R. R. Co.* v. *Ball*, 5 id. 573.) Opinion evidence has always been looked upon by the law with suspicion and disfavor, and the opportunities which it offers for bias and corruption fairly counter-balance its advantages even in those cases where it appears impossible to find any other reasonably certain means of determining an issue. (*Cook* v. *Brockway*, 21 Barb. 331; *Hollis* v. *Wagar*, 1 Lans. 4; *Wakeman* v. *W. & W. Mfg. Co.*, 101 N. Y. 217; *Ferguson* v. *Hubbell*, 97 id. 507, 514; *Tracy Peerage*, 10 Cl. & Fin. 154, 191.)

*Roger Foster* for respondent. It was no error to allow the testimony as to the rents received from the house next door to that of plaintiff, the other half of the same building, built in the same way and used for the same purpose. (*Lawrence* v. *Boston*, 119 Mass. 126; Rorer on Railroads, 379; *In re N. Y., L. & W. R. R. Co.* v. *Arnot*, 27 Hun, 151, 155; *Shattuck* v. *S. B. R. R. Co.*, 6 Allen, 115, 117; *Paine* v. *Boston*, 4 id. 168; *Edmands* v. *Boston*, 108 Mass. 535, 546; *Cherokee* v. *S. C. & I. F. T. L. & L. Co.*, 52 Iowa, 279; *West* v. *M. & L. W. R. R. Co.*, 56 Wis. 318; *Watson* v. *M. & L. W. R. R. Co.*, 57 id. 332; *Washburn* v. *M. & L. W. R. R. Co.*, 59 id. 364; *St. L., V. & T. H. R. R. Co.* v. *Hagler*, 82 Ill. 208;

*C. & B. P. & P. Co.* v. *Chicago,* 111 id. 651; *Moale* y. *Baltimore,* 5 Md. 314, 324; *C. R. Co.* v. *Greeley,* 23 N. H. 237; *Laflin* v. *C. W. & N. R. Co.,* 33 Fed. R. 415; *L. V. C. Co.* v. *Chicago,* 26 id. 415.) The fact that the original plaintiff occupied the property and did not lease the same to tenants does not affect the rule that the damages are the impairment of the rental value for the time covered by the suit. (*Taylor* v. *M. E. R. Co.,* 18 J. & S. 311, 323; *Clark* v. *Rochester,* 43 Hun, 271.)

Per Curiam. This action was brought to recover damages for injuries occasioned to the easements of light, air and access pertaining to the property of the plaintiff's testatrix during six years prior to 1887, the time of the commencement of the suit, by the erection, operation and maintenance of an elevated railway by the defendant in Division street in the city of New York.

The property consisted of a lot and building on that street, twelve and a half feet wide, and which for a period of twenty years had been occupied as a millinery store.

The only material question raised by the appellant on this appeal is, whether the opinions of witnesses were admissible as to " what would have been the fair rental value of this property in the years 1879, 1880 and 1887, if the railroad had not been built ? " Similar questions were put to two witnesses on the part of the plaintiff, and were allowed to be answered by the court.

It may be said, with regard to the evidence called for by the questions, that it did not purport to cover the whole period for which damage was claimed, but included but a small part of one year, and had, therefore, but a slight bearing on the issue in controversy. It is further to be observed that the evidence was not specifically objected to upon the ground that the opinions of witnesses were inadmissible on the subject, but generally as being incompetent, irrelevant, hypothetical, and the witness not competent to give an opinion.

The objection seemed to imply that opinions were compe-

tent on the subject. The trial seems to have been conducted on both sides, and more particularly on that of the defendant, upon the theory that all opinions were admissible as to rental value of the premises and the causes which affected it. The evidence on the part of the defendant was almost exclusively of this character, and it seems ungracious in it now to insist upon a rule which it systematically violated during the course of the trial.

Assuming, however, that the objection was sufficiently taken, we are of the opinion that the particular evidence called for by the question referred to was inadmissible on the question in controversy. The opinions of witnesses as to the causes which occasioned the decrease of rental value, as well as to the amount of damages done thereby, were clearly improper. As was said by Judge Allen in *Teerpenning* v. *Corn Exchange Insurance Company* (43 N. Y. 279): " As a rule, witnesses must state facts and not draw conclusions or give opinions. * * * It is not permitted to give in evidence the opinion of witnesses having knowledge of the subject-matter as to the damages resulting from a particular transaction." In *Marcly* v. *Shults* (29 N. Y. 346), quite a similar case, Judge Denio said: " The plaintiff's counsel offered to ask the plaintiff, while under examination as a witness, what the value of the use of the house was, per annum, before the raising of the dam. I think this was objectionable as calling for the opinion of the witness. * * * We may suppose the question was to have been followed up by inquiring the value of the rent after raising the dam and then taking the difference for the amount of the damages. It will not be pretended that a witness could be allowed to state his opinion of the amount of the damages. He could describe the character of the over-flowing, and its effect, and then it would be for the jury to estimate the damages. If the house had been kept for renting and something in the nature of a market-price of the use could have been proved, it might have been competent."

But, conceding the inadmissibility of the evidence given, it

does not follow that the judgment should for that reason be reversed. The court must be satisfied, upon an examination of the whole case, that the appellant was prejudiced by the admission of the evidence to warrant a reversal. It was said by Wright, J., in a case where error in the admission of evidence was urged as cause for reversal without reference to its materiality: " This is hardly the rule now in a court of law. * * * Even these courts undertake to judge for themselves of the materiality of evidence found to have been improperly admitted or rejected, and when satisfied that no injustice has been done and that the verdict would have been the same, with or without such evidence, they have refused a new trial." (*Forrest* v. *Forrest*, 25 N. Y. 510.) In *People* v. *Gonzalez* (35 N. Y. 59), Judge Porter lays down the rule that " the reception of illegal evidence is presumptively injurious to the party objecting to its admission; but where the presumption is repelled and it clearly appears, on examination of the whole record, beyond the possibility of rational doubt, that the result would have been the same if the objectionable proof had been rejected, the error furnishes no ground for reversal." (See, also, *Tenney* v. *Berger*, 93 N. Y. 524; Stephens' Evidence, 245.)

Upon a careful examination of the case we are satisfied that the defendant was not harmed by the evidence in question. Abundant and competent evidence was given on the trial by witnesses, who had knowledge of the facts, that the actual rental value of similar property in the same street had steadily diminished after the building of the defendant's road until that which had before rented for from $1,600 to $1,800 per annum had decreased to a rental of from $600 to $900 a year.

Evidence was also given that after the defendant commenced making excavations in 1878, and while its road was being constructed and operated, business on the street commenced to fall off and customers ceased to come there as before, and that dirt, ashes, smoke and cinders from the defendant's road and trains filled the air, darkened the light and embarrassed the trade to such an extent that business left the street and flowed into

adjoining streets where a similar business was prosecuted, and largely increased the trade and rental value of property in such streets. Such evidence clearly indicated, in the absence of some other explanation, that the injury to plaintiff's property was occasioned by the defendant's road, and that the annual injury in the depreciation of rental value of the premises amounted to, at least, $900 a year, aggregating damage to the sum of over $5,000 for the six years covered by the complaint.

The evidence of the plaintiff's witnesses was practically undisputed on these propositions. Aside from the evidence of one witness, who testified that the rent of certain premises occupied by him in Division street for confectionery and restaurant purposes had increased from 1880, to the time of the trial, the entire evidence, on the part of the defendant, consisted of the opinions of witnesses that the rental value of such property had not been impaired by the construction and maintenance of the defendant's road. They admitted that such value of plaintiff's property had decreased since the building of the road in the aggregate for the six years in question, from one thousand to twenty-six hundred dollars; but gave it as their opinions that such decrease was occasioned by other causes than the operation of the defendant's road. The grounds upon which the various opinions were predicated were fully explained to the jury by the witnesses, and presumably occasioned a diminution of their verdict from the sum warranted by the evidence, to that actually found.

The damage sought to be established by the objectionable questions was less than that indicated by the plaintiff's evidence generally, and the verdict of the jury, therefore, fails to show that it was influenced by the objectionable evidence to the prejudice of the defendent. The uncontradicted evidence showed a general decrease in rental value of the property in Division street after the building and operation of defendant's road, and a sufficient cause in such building and operation to account for such decrease.

Sickels—Vol. LXXII.    29

If the evidence objected to was stricken out, it would not materially impair the strength of the plaintiff's case or lead to any different result than that reached by the jury. Upon the whole evidence it is apparent that the jury awarded damages upon the theory of a decrease in rental value, occasioned by the maintenance and operation of the defendant's road to the extent of about one-half of the actual diminution of value during the contested period, and held the other half to be attributable to other causes. Such a verdict was, we think, warranted by the evidence, and the defendant has no just reason to complain of the result.

While the court submitted all of the evidence in the case to the consideration of the jury, no exception was taken by the defendant to such submission in respect to the incompetency of opinions upon the question of rental value and the causes which led to its decrease. The reason for the omission of the defendant to take this point is obvious, since it would have led to the exclusion of material evidence given by it, and would have left the plaintiff's claim to the amount of the whole decrease in rental value practically undisputed by evidence.

We are of the opinion that no error occurred on the trial requiring a reversal of the judgment, and it should, therefore, be affirmed.

All concur, except EARL, J., dissenting.

Judgment affirmed.