KERUOCHAN *et al. v.* NEW YORK EL. R. Co. *et al.*

*(Superior Court of New York City, General Term.* February 13, 1891.)

1. TRIAL—RECEPTION OF EVIDENCE—OBJECTIONS.
   In an action to restrain the maintenance of defendants' elevated road in the street in front of plaintiffs' premises, and for damages, the admission of evidence of what would have been the rental and fee values of the property, had the railway not been built, is not reversible error, where the only ground stated for its exclusion was that it was incompetent.

2. RAILWAY IN STREET—DAMAGES TO ABUTTING OWNERS—EVIDENCE.
   Testimony of a witness as to the rental value and fee value of the premises without the railroad, based in part upon the possibility of the building being used for offices, cannot be stricken out on motion, as based in part upon conjecture or a possibility, where the substance of the testimony is that the opinion is based upon the uses to which the building is adapted, and, among them, its use for offices.

3. SAME—FINDINGS—HARMLESS ERROR.
   Where it appears from the finding of the court upon which are based the finding and award of damages that no damages were given by reason of any matter embraced within certain of defendants' requests to find as to damages, the refusal of the court to find as requested is not prejudicial error.
   Affirming 8 N. Y. Supp. 648.

Appeal from special term.

James P. Keruochan and others sued the New York Elevated Railroad Company and others. Defendants appealed from a judgment entered upon conclusion and finding made by judge at special term.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*Samuel Blythe Rogers,* for appellants. *G. Willett Van Nest,* for respondents.

PER CURIAM. The action was of an equitable character, to restrain the defendants from maintaining their elevated railway in front of plaintiffs' premises, and for damages. The learned counsel argues that there was error below in allowing evidence of what would have been the "rental and fee values" of this property, had the railway not been built. The only ground stated for the exclusion of the testimony was that it was incompetent. In *McGean v. Railroad Co.,* 117 N. Y. 219, 22 N E. Rep. 957, it was held that the statement of such a ground did not require the exclusion of such testimony. The witness on this point, having testified as to his opinion of the fee value and rental value, was asked, on cross-examination for the defendants, if he had based his opinion in part upon the possibility of the building being used for offices. The witness replied he had. The defendants then moved to strike out the testimony because it was placed in part upon conjecture or a possibility. The motion was properly denied, because the substance of the witness' testimony was that he based his opinion upon the uses to which the building could be adapted, and among them its use for offices. The counsel for defendants asked the court to find as conclusion of law that no damages can be allowed, on the ground that the premises described in the complaint might, at some future time, be applied to use for offices, and also that plaintiffs can recover no damages for a general deterioration in value of the neighborhood of the premises, and that the plaintiffs have no cause of action for any injuries caused by the general presence and operation of the elevated railroad in Pearl street, but only for that portion of the damage, if any, which is caused by that portion of the structure which is immediately in front of the premises. In each instance the court, under defendants' exception, refused to find as asked. Whatever may have been the merits of the

requests considered as general propositions of law, the refusals were not detrimental to the defendants. An examination of the findings made by the court, upon which it based the finding and the award of damage, shows that no damages were given by reason of any matter embraced in the requests. The other questions raised by the appeal have been determined in principle by former decisions, and it is not necessary to particularize any of them. Judgment affirmed, with costs.