Per Curiam.
The action was of an equitable character to restrain the defendant, from maintaining railway front of plaintiff’s premises and for damages.
The learned counsel argues that there was error below in allowing evidence of what would have been the “ rental and fee values ” of this property, had the railway not been built.
The only ground stated for the exclusion of the testimony was that it was incompetent. In McGean v. Manhattan R. Co., 117 N. Y., 219; 27 N. Y. State Rep., 337, it was held that the statement of such a ground did not require the exclusion of such testimony.
*435 The witness oil this point having testified as to his opinion of the fee value and rental value, was asked, on cross-examination for the defendants, if he had based his opinion in part upon the possibility of the building being used for offices. The witness replied he had. The defendants then moved to strike out the testimony because it was placed in part upon conjecture or a possibility. The motion was properly denied, because the substance of the witness’ testimony was that he based his opinion upon the uses to which the building could be adapted, and among them its use for offices.
The counsel for defendants asked the court to find, as conclusion of law, that no damages can be allowed on the ground that the premises described in the complaint might, at some future time, be applied to use for offices, and also that plaintiff can recover no damages for a general deterioration in value of the neighborhood of the premises and that the plaintiffs have no cause-of action for any injuries caused by the general presence and operation of the elevated railroad in Pearl street, but only for that portion of the damage, if any, which is caused by that portion of' the'structure which is immediately in front of the premises. In each instance the court, under defendant’s exception, refused to-find as asked. Whatever may have been the merits of the requests considered as general propositions of law, the refusals were not detrimental to the defendants. An examination of the findings made by the court upon which it based the finding and the award of damage shows that no damages were given by reason of any matter embraced in the requests.
The other questions raised by the appeal have been determined in principle by former decisions and it is not necessary to particularize any of them.
Judgment affirmed, with costs.
Sedgwick, Ch. J., and Freedman, J., concur.