## KORN *v.* NEW YORK EL. R. Co. *et al.*

*(Supreme Court, General Term, First Department. March 13, 1891.)*

1. RAILWAY IN STREET—ACTION FOR DAMAGES.
    One who holds the legal title to real property, although another is a partner with him therein, may maintain an action in his own name, as the real party in interest, for injuries to the property from the construction and operation of an elevated railroad; and his recovery will not be limited to an undivided half interest in the damages sustained.

2. SAME—DAMAGES—RENTAL VALUE.
    The owner of land situated at the corner of an avenue and a side street, upon which were buildings divided into stores and apartments, sued for damages caused

by an elevated railroad in the avenue, and to restrain such use of the road. There was evidence that property on the avenue had not appreciated in value in the same proportion as property on the side streets; that the apartments fronting on the avenue were vacant to a greater extent than those on the cross-street, and that the rents were reduced, and the tenants were less desirable than those by whom it had been expected the apartments would be taken. *Held* sufficient to sustain the conclusion that plaintiff had been injured in the reduction of the rental value of the premises, and that it was not overcome by evidence that the stores on the avenue had materially advanced in their rental, most of such advance being subsequent to the commencement of the action, and largely due to special circumstances.

3. SAME—EVIDENCE OF DAMAGE—HARMLESS ERROR.

On the trial witnesses were allowed to testify to the value of the property, having as appurtenant to it the use of the whole of the avenue above the surface, and their testimony showed a very large depreciation due to the construction and operation of the road; but the court, in determining the damages, and fixing the compensation, on payment of which defendants might become entitled to a conveyance of the easements involved, did not follow this testimony, and did not exceed the fair import of the other evidence. *Held* that, even if the admission of such testimony was erroneous, defendants were not prejudiced thereby, and it was not ground of reversal.

4. SAME—JUDGMENT—CONVEYANCE TO RAILROAD COMPANY.

In an action for damages for injuries to easements appurtenant to real property from the use of an elevated railroad in the street, and to restrain such use, it appeared that, although plaintiff held the legal title to the property, another was a partner with him therein. *Held*, that a judgment that defendants, on payment of a certain compensation for the easements affected, should become entitled to a conveyance thereof, should provide that plaintiff's partner join in such conveyance.

5. COSTS ON APPEAL—MODIFICATION OF JUDGMENT.

Where no such provision is contained in the judgment rendered in such a case, and on appeal therefrom the judgment is modified by adding such provision, no costs of the appeal should be allowed to either party. VAN BRUNT, P. J., dissenting.

Appeal from special term, New York county.

Action by Max S. Korn against the New York Elevated Railroad Company and the Manhattan Railway Company for damages to plaintiff's property at the corner of Third avenue and Seventy-Second street, in the city of New York, from the use of defendants' elevated railroad on Third avenue, and to restrain such further use of the structure. Defendants appeal from a judgment for plaintiff entered on trial by the court without a jury.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*Davies & Rapallo,* (*Edward C. James,* of counsel,) for appellants. *Burrill, Zabriskie & Burrill,* (*John E. Burrill* and *J. Archibald Murray,* of counsel,) for respondent.

DANIELS, J. The plaintiff became the owner of premises on the southeasterly corner of Seventy-Second street and Third avenue in the city of New York on the 31st day of December, 1888, by a deed executed and delivered to him at that time. They consisted of the avenue numbers of 1241–43–45. He conveyed away that portion of them designated by the number 1241, remaining the owner of the residue, fronting to the extent of 58 feet upon the avenue, and 90 feet in depth upon Seventy-Second street. At the time he received his conveyance there had been erected upon the land a building four stories in height. This was divided into two stores fronting upon the avenue, and a small rear store fronting upon Seventy-Second street. The building above the stores was divided into apartments, and rented and occupied for residences. There were six apartments over the corner and rear store, and three over the other store. The elevated railroad structure of the defendants had previously been erected in the avenue, and was operated for railroad purposes by the defendants from the time the plaintiff received his conveyance until the commencement of this action on the 20th of June, 1889. It was brought for the recovery of damages sustained by the use of the structure for the passage and repassage of railway trains propelled by steam locomotives in the transaction of the business of the defendants. The structure and this use of it were alleged to have injured the premises, and to have reduced their

value and rentals during the time the plaintiff was the owner under the deed and the commencement of the action; and as a part of the relief which it was the object of the action to secure an injunction was demanded restraining the use of this structure in the manner already stated by the defendants. While the deed which was executed and delivered to the plaintiff for the conveyance of the premises was complete and absolute in its terms, the witness Isidor S. Korn, a brother of the plaintiff, testified that it had been obtained for the joint benefit of himself and the plaintiff as partners in the property; and for that reason it was contended on the part of the defendant that the action could not be maintained by the plaintiff alone, or, if it could, that he was entitled to recover no more than a compensation for the undivided half interest in the damages sustained by the property, and in the sum to be awarded as the price of the easements taken and appropriated by the defendants in the use and operation of the railway; but this objection cannot be maintained for the reason that the deed did convey the legal title to the property to the plaintiff, subject, of course, to any equities growing out of his relation with his brother as to the division of the proceeds of the property. He was, in this respect at least, a trustee for the benefit of his brother to the extent of his interest, and as such, under section 449 of the Code of Civil Procedure, could maintain the present action in his own name. The court therefore did not err in overruling this objection made on behalf of the defendants.

Evidence was given in the course of the trial tending to prove that the property fronting upon the avenue, while it had appreciated in value during the existence of this structure, had failed to do so in the same proportion as the property had advanced in value upon the side streets; and from this evidence it might very well be inferred that the property upon the avenue had been injured by the construction and operation of this railroad. Upon this point this evidence was ample to support that conclusion, although it was contradicted by the testimony of the witnesses produced on behalf of the defendants. It also appeared that so much of the building as was devoted to flats for the occupancy of families was for a portion of the time unoccupied on the avenue front, and that this condition of vacancy was greater than it was in the portions of the building adapted to the same object fronting upon the street. It was also stated that the rents of these flats were necessarily reduced to obtain occupants, and that the occupants themselves were a less desirable class of tenants than those by whom, when the building was erected, it had been expected the flats would be taken and used. This evidence tended to support the same conclusion as that given by the witnesses concerning the difference in the appreciation of the rents between property upon the avenue and that located upon the streets crossing the avenue; and it was not overcome in its effect by the testimony establishing the fact that the stores fronting upon the avenue—particularly the one on the corner—had materially advanced in their rental. That on the corner was shown to have rented for a very large advance, but that advance was for a period of time subsequent to the commencement of this action; and it was largely induced by the circumstance that the tenant who took the store had been obliged to surrender another previously occupied by him in the vicinity, and he obtained this store to continue the enjoyment of the advantages of the business he had already in the neighboring store built up and secured for himself. Of course, if the claim of the plaintiff had been limited to the injury sustained by him through the occupancy of the stores, no case for damages would have been made out in his favor; but the action was not restricted to that part of the property, but included so much of it as had been devoted to the occupancy of families in the three stories above the stores; and as to them, more particularly than the stores themselves, the evidence was sufficient to support the result reached at the trial, that the plaintiff had been injured in the reduction of rents to the extent of $350, which was the amount awarded for that purpose. Upon the

trial the witnesses Freund and Isidor S. Korn were each asked what in their opinion was the value of this property, located as it was upon the avenue, having, as appertaining to it, the use of the whole of the avenue above the surface of the street. This was objected to specifically by the counsel for the defendants, but the court permitted, in the first instance, the witness Freund to answer, and he testified that the value would be from one hundred to one hundred and ten thousand dollars; and to the ruling allowing this answer the defendants' counsel excepted. In answer to a similar question the other witness afterwards testified that the property would be worth the sum of $100,000. And an exception was also taken to the ruling of the court permitting this question to be answered. But as to the evidence in this manner adduced from the witness Freund the defendants seem to have been in the main responsible for the question which was permitted to be answered, for in the examination of this witness by their counsel evidence was obtained from him that there had been a decrease in the value of property on Third avenue, and he added: "From the very fact of the existence of the elevated road." This answer certainly opened the door to the further question afterwards put to the same witness by the counsel for the plaintiff as to the value of the property if the avenue itself had not been obstructed or devoted in part to the uses of this railroad. But assuming, as it may be necessary to do under what has been said in *McGean* v. *Railway Co.,* 117 N. Y. 219, 22 N. E. Rep. 957, that these questions were improper in form, still the defendants do not appear to have been injured by the answers allowed to be taken, for the witness Freund had previously stated that in his judgment the value of this part of the property was no more than the sum of from $75,000 to $77,500, while in his answer to the question to which exception has been taken he places the value without the railway structure at from $100,000 to $110,000. The other witness placed the present value of the property at from $75,000 to $80,000, while without the railroad his testimony was that it would be worth at least $100,000. This presented, in the judgment of each of the witnesses, a very large difference arising out of the construction, maintenance, and operation of the railway, while the court in its final decision awarded no more than the sum of $5,500 to the plaintiff as the value of the easements which had been appropriated by the defendants through the construction and operation of the railroad. It is evident, therefore, that this testimony was not followed by the justice presiding at the trial in reaching the determination of the depreciation in the value of the property resulting from the existence and use of the railroad. In adopting the conclusion which is contained in the decision, the other evidence bearing upon the same question appears to have been what was followed by the court; and, under the authority of the case already referred to, the taking of these answers, although erroneous, in no way affected or prejudiced the defendants; and that view was followed under similar circumstances in *Mitchell* v. *Railroad Co.,* 9 N. Y. Supp. 130. So far, therefore, as damages were allowed for injuries to the premises themselves in the diminution of their rental returns, and the compensation was fixed upon the payment of which the defendants have become entitled to a conveyance of these easements, the court did not exceed the fair result and import of the other testimony. But, inasmuch as it was stated by the witness Isidor S. Korn that the plaintiff had taken the title for his benefit, as well as that of himself, the judgment should have provided that he should join in the conveyance of the easements with the plaintiff to these defendants. That is necessary to avoid any possible claim which he might hereafter present against the railway companies, for they are entitled, upon the payment of this as the complete compensation for the reduction of the value of the property by the construction and use of the road, to such a title as will shield and guard them from even an unfounded claim which this party, under the circumstances, might be disposed to hereafter make. He

should, therefore, by the judgment be required so far to join in the conveyance as to consent to the railway companies acquiring these easements for the purposes of the railway through the deed of the plaintiff in the action, and, as so modified, the judgment should be affirmed, without costs of the appeal to either party.

VAN BRUNT, P. J., (*dissenting.*) I do not concur in the part of Mr. Justice DANIELS' opinion which provides for modification and affirmance without costs. The plaintiff is beyond doubt the real party in interest, and as such was authorized to bring the action, as is conceded in the opinion. If so, while it may be proper to compel Isidor Korn to unite in conveyance, yet, if the action was properly brought, there seems to be no reason why the plaintiff should not have his costs.

O'BRIEN, J., (*concurring.*) In this case there is no provision in the decision or judgment that Isidor Korn unite in the conveyance to defendants. The record shows that defendants requested as a condition upon their paying the damages awarded that they should receive a conveyance and release of all rights of plaintiff and his brother, Isidor. This request, though proper, was refused. I concur, therefore, with Mr. Justice DANIELS, that the judgment should be modified, without costs.