OLIVER S. CARTER et al., Respondents, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY et al., Appellants.

To make available an exception to the admission in evidence of the opinion of a witness as to the amount of damages to an abutting owner, caused by the construction and maintenance of an elevated railroad through a city street, the objection must be specifically taken that the question calls for a fact not provable by opinion.

Accordingly *held*, that an objection to a question calling for an opinion as to the difference in value of the property with or without the road, that the evidence called for is "immaterial, incompetent and hypothetical, and that the difference in value was not the measure of damages" was insufficient.

Reported below, 25 J. & S. 279.

(Argued April 25, 1892; decided June 14, 1892.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made November 21, 1889, which affirmed a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

This was an action by an abutting owner to recover damages arising from the interference with plaintiff's easement in a street in the city of New York, by the construction and maintenance therein of an elevated railroad.

The facts, so far as material, are stated in the opinion.

*Julian T. Davies* for appellants.

*Joseph H. Choate* for respondents.

BROWN, J.   A careful examination of the voluminous record in this case has failed to disclose any error which would justify the reversal of the judgment.

A single question requires notice.   The point is made, as it is in nearly all the late appeals in this class of cases, that the trial court erred in receiving the opinions of witnesses as proof of the existence and amount of damages sustained by the

respondents.   Those opinions were as to the difference in the value of plaintiff's property and of the rental value with or without the road.

The objections taken to questions propounded to such witnesses were that the evidence was "immaterial, incompetent and hypothetical, and that the difference in value was not the measure of damages."

This court has recently decided that to make available an exception to the admission of testimony of this character, the objection must be specifically taken that the question calls for a fact not provable by opinion.  (*Kernochan* v. *N. Y. Elevated R. R. Co.*, 128 N. Y. 559.)   And reference was there made to the remarks of the court in *McGean* v. *M. R. Co.* (117 N. Y. 219).

In *McGean's* case, the objection was almost identical with that taken in the case before us.   It was that the evidence was "incompetent, irrelevant and hypothetical and the witness not competent to give an opinion," and in reference to that form of objection, it was said : " The objection seemed to imply that opinions were competent on the subject.   The trial seems to have been conducted on both sides, and. more particularly on that of the defendant, upon the theory that all opinions were admissible as to rental value of the premises and the causes which affected it."

Such without doubt was the theory of the parties in the case before us, as we find that the indentical question, the admission of which is now urged as ground for reversal, was put to and answered by all the expert witnesses called by the defendant on its defense, and as was said in *McGean's* case, " it seems ungracious in it now to insist upon a rule which it systematically violated during the course of the trial."

In view, therefore, of the course pursued by both parties at the trial, we think the case falls within the rule applied in the *McGean* and *Kernochan* cases, and we, therefore, hold that the objection was insufficient to raise the point that the opinion of the witness was inadmissible.

Upon the merits of the case, we are of the opinion that the award of damages is amply sustained by the evidence, and the judgment, therefore, should be affirmed, with costs.

All concur, except FOLLETT, Ch. J., and VANN, J., dissenting. Judgment affirmed.