ROSELL C. COLLIS, Respondent, *v.* MARTIN V. B. BULL and Others, Appellants.

*Error in the reception of evidence — when cured.*

An error in receiving in evidence, under the objection of the defendant, the books of a corporation, is cured by the finding of the referee before whom the action was tried, that the balance of the account, for the purpose of showing which such books were introduced in evidence, was as testified to by the defendant.

APPEAL by the defendants, Martin V. B. Bull and others, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Oneida on the 3d day of March, 1893, upon the report of a referee directing judgment to be entered in favor of the plaintiff.

It was found by the referee that on the 2d of June, 1891, the plaintiff was the owner and in possession of a certain note and trust deed executed by Edward Werner for $3,700, upon which at that time there was due seventy-four dollars of accumulated interest; that the note and trust deed were dated August 1, 1890, and bore interest at six per cent, payable semi-annually, and that the plaintiff held a proper assignment of the same executed in blank, so that title to the same could be transferred to such person as plaintiff might choose; that on the 2d or 3d of June, 1891, the plaintiff delivered to the defendants the said note and trust deed and the said assignment, and such delivery was made to defendants as plaintiff's agents, and for the purpose of immediate sale for plaintiff, and they were requested to pay over the avails thereof to the plaintiff when the said securities were sold; that thereafter, and prior to the sale thereof by defendants, the plaintiff demanded of the defendants the return to him of said securities, but the defendants neglected and refused to return the same to plaintiff; that on or about September 9, 1891, the defendants sold and transferred the same, and received the avails thereof, being then the sum of $3,835.66, and have retained and still do retain the same; that after the sale by defendants and before the bringing of this suit the plaintiff demanded of defendants the said avails, but the defendants have neglected and refused to pay the same, or any part thereof. Judgment was

ordered for $3,835.66, with interest from September 9, 1891. This suit was commenced December 28, 1891.

*Hale & Bulkeley*, for the appellants.

*Edmund J. Wager*, for the respondent.

MERWIN, J. :

The recovery in this case is for the amount of a note and trust deed or mortgage executed by Edward Werner on August 1, 1890, for the sum of $3,700 to the Western Farm Mortgage Trust Company. This note and deed were executed in and according to the laws of the State of Colorado and constituted a valid security in the hands of the company for the amount thereof. This security, which is called in the papers the Werner mortgage, was, on or about April 1, 1891, duly sold and transferred by the trust company to one Goodwin. The assignment from the company in proper form was in blank. On the 2d of June, 1891, the plaintiff, as he claims, purchased this security of Goodwin and became the owner thereof, and at that date or soon thereafter placed it in the hands of the defendants for sale for his benefit, and that thereafter they, upon demand, refused to return it to plaintiff, but on or about the 9th of September, 1891, sold and transferred the same and received the full amount thereof and refused to pay the same or any part thereof to plaintiff.

The defendants admit that they received and sold the security and received the avails, but they claim that the plaintiff never became the owner of the security ; that he, in the purchase from Goodwin, acted as the agent of the trust company, and that the defendants when they sold it also acted as agents for the same company and have accounted to it for the avails by giving it credit therefor in their account with it.

The referee has found that the plaintiff was the owner of the note and mortgage at the time they were placed by him in the hands of defendants. This finding, the defendants say, is against the weight of evidence.

The plaintiff testifies, and he is corroborated somewhat by the evidence of Mr. Goodwin, that on the purchase from Goodwin he used entirely his own means. There is evidence that the plaintiff under-

took the purchase for the accommodation of the defendants, and finally completed it upon the assurance of the defendants that they had a customer ready to take it so that he would be immediately reimbursed for what he had to pay in order to obtain it. The customer of defendants failed to take the security and the defendants refused to return it to plaintiff or pay him for it. There is evidence that the plaintiff was willing to settle with the defendants upon the basis that the trust company would give him credit for the amount. This, however, it did not do. If the transaction between plaintiff and Goodwin was one that the company might, if it chose, ratify and take the benefit of, it did not apparently do so. It is found upon the request of the defendants that the security is not charged to plaintiff upon the books of the company. This would seem to indicate that the company did not regard itself as interested in the matter, but considered the transaction as entirely a matter between the plaintiff and defendants. An inference to this effect is warranted by the evidence.

We are of the opinion that the evidence justifies the conclusion that, as between the plaintiff and the company, the plaintiff was the owner of the security.

The only other question of fact, important to be considered, is whether the referee erred in refusing to find that the defendants after receiving the Werner mortgage, and prior to September 5, 1891, made advances to the trust company upon the faith of this mortgage and in the belief that the company owned it.

It is admitted that on the fifth of September, and before the defendants in fact received the proceeds of the sale, they were distinctly notified by the plaintiff that he owned the mortgage. The plaintiff testifies that on or about the first of July he told one of the defendants that he owned the mortgage and demanded its return or pay for it. On the thirteenth of June the plaintiff wrote the defendants asking them to accept his draft on them for the amount of it. On the sixteenth of June they wrote the plaintiff declining to accept the draft on the ground that the mortgage was not sold. It is very clear that from the start the defendants knew or had good reason to believe that the plaintiff claimed the entire proceeds of the mortgage, and that he insisted on this claim unless the company would in effect pay him. If so, the defendants are not in a position

to say that they in good faith made advances in ignorance of plaintiff's rights. Whether the plaintiff ever in effect gave up this claim and agreed to look only to the company for reimbursement, or induced the defendants to believe that he had, or whether the defendants ever in good faith made any advances on such belief, were at least questions of fact. We are not persuaded that the action of the referee upon the requests on the subject is against the evidence. It is to be observed that in the answer no advances are claimed.

Our attention is called to a number of exceptions to the admission or rejection of evidence, but we find no material error. A letter from plaintiff to defendants, dated September 12, 1891, was received in evidence. This was in answer to a letter of defendants to plaintiff, dated September eleventh, and was a part of the correspondence between the parties in relation to the subject in controversy. The error, if any, in receiving evidence of what the books of the trust company showed as to the state of the account between the defendants and the company, was cured by the finding of the referee that the balance of the account was as testified to by the defendants. A letter from the company to defendants, dated September 21, 1891, was received in evidence. This was in answer to the report which the defendants made to the company of the sale and credit of the Werner mortgage. The defendants claimed as against plaintiff some rights by reason of the transaction between the defendants and the company as to such report and sale. The letter of the company was a part of such transaction. The letter of September 22, 1891, was a continuation of the same matter and contains nothing material. The letter of October 3, 1891, from the company to plaintiff, if not strictly competent, was harmless. It states the position of the company substantially as it was stated in the letter of the company to defendants of September twenty-first. The report of the plaintiff to the company of April 5, 1891, was properly received. An issue at that stage of the case had been raised as to whether the plaintiff had settled with the company in regard to a transaction about April first. It was proper to show the report made as a part of that transaction.

The letter of the company to defendants of date July 6, 1891, offered by the defendants and excluded, was not communicated to

the plaintiff. Nor, according to the evidence of the defendant Bull, did the plaintiff agree to leave to the company the question of reporting the Werner mortgage, which is the matter discussed in the letter. Besides, it cannot very well be said to be material in view of the fact that in a letter written by the company on July twenty-eighth, and put in evidence by defendants, the company say they have never fully understood the situation with reference to the Werner mortgage. The letter from the company to defendants, dated August 11, 1891, was offered only for the purpose of showing that the company received the requests, of the defendants to have the Werner mortgage credited to plaintiff and assented to it. The letter of defendants to the company which contained such requests, if any, was in evidence, and showed what the request was. It was shown to have been sent to the company and answered. The answer which the defendants offered was never communicated to the plaintiff. Besides, it did not assent to the credit to plaintiff of the mortgage, and the uncontradicted evidence is that the plaintiff was never credited with it.

The question was asked the defendant Bull whether in case of transfer of securities from one agent to another in the course of the business of the company it was the uniform custom for the agent receiving the security from another agent to report direct to the home office and not to the agent from whom he received it. This, upon objection of plaintiff, was excluded. The course of business, however, between the plaintiff and the defendants on the subject was fully gone into. The issue in the case was not how the business of the company was done, but whether the transaction in question in reality ever was the business of the company. The custom, therefore, as to company affairs was not important. Besides, the plaintiff himself, in his testimony previously given, had stated that it was customary in case of transfers from one agent to another for the agent who made the sale to report directly to the company whenever the property belonged to the company. This gave the defendants all they could reasonably ask on the subject. The exclusion of the report in the form of an account rendered by defendants to the company was not important as the substance fully appeared in the case.

Upon an examination of the whole case we are satisfied that no

error prejudicial to the defendants' rights was committed in the rulings upon evidence. (*McLean* v. *Manhattan R. Co.*, 117 N. Y. 219.)

. The judgment should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.