PASCAL P. PRATT, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Evidence — objection, when made in time — opinions of witnesses — action to recover damages to real property — error in the reception of evidence — objection, when sufficiently specific — when a judgment will not be reversed.*

Where, upon the trial of an action, a witness answers a question propounded by the counsel of the party by whom he is called, before the counsel for the adverse party has an opportunity to interpose an objection thereto, and the objection is made immediately after the giving of the answer, it is made in time.

The opinions of witnesses as to the causes which occasioned the decrease of rental value of real estate, as well as of the amount of damages done by an interference with the easements of light, air and access appurtenant thereto, are improper, as witnesses should state facts and should not draw conclusions or give opinions.

Upon the trial of an action brought to recover damages resulting from the depreciation in value of real estate by reason of the operation and maintenance of a railroad, one of the plaintiff's witnesses was asked, "What, in your judgment, Mr. Pratt, would be the rental value of that property during the years from 1885 to 1891, with the railroad absent?" The counsel for the defendant said, "I object to that on the ground that it is incompetent and improper; that the proper foundation has not been laid for the asking of that question; that it is speculative, and not the proper method of proving damages."

*Held,* that the objection was sufficiently specific to be available to the defendant upon an appeal from a judgment rendered against him;

That the objection was improperly overruled, and such error required a reversal of the judgment.

It is the duty of counsel making an objection to the introduction of evidence to state his grounds so specifically that the exact point is presented, so that the form of the question can, if desired, be so changed as to avoid the objection.

Judgments will not be reversed in order to allow a party to re-try a cause of action where only nominal damages are involved.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 21st day of September, 1893, upon the verdict of a jury for $12,000 after a trial at the Erie Circuit, and also from an order entered in said clerk's office on the 21st day of September, 1893, denying the defendant's motion for a new trial made upon a case and exceptions.

*James F. Gluck*, for the appellant.

*Sherman S. Rogers*, for the respondent.

LEWIS, J.:

The plaintiff is the owner of a lot 216 feet front abutting on the southerly side of a street in the city of Buffalo known as the Terrace.

He is also the owner as tenant in common of an undivided one-half of the fee of the street in front of his said lot.

The defendant, in the year 1879, wrongfully entered upon said street and constructed therein in front of plaintiff's said premises two railroad tracks, and has ever since maintained such tracks and operated trains thereon.

Plaintiff brought this action against the defendant, and claimed in his complaint that by reason of the presence of said tracks and the operation of trains thereon, access and egress to and from his said premises had been interfered with and rendered hazardous, and that the rental value thereof had been thereby depreciated and greatly injured, to his damage. He recovered a verdict of $12,000.

The defendant claims that the judgment should be reversed because of errors committed upon the trial. The plaintiff was called as a witness in his own behalf and testified to the rental value of his property with the railroad in the street.

He was then asked the following questions: " What, in your judgment, Mr. Pratt, would be the rental value of that property during the years from 1885 to 1891, with the railroad absent ? "

Mr. GLUCK.— " That I object to on the ground that it is incompetent, improper and speculative, and not the proper method of proving damages."

The question was not then answered; the witness went on to give a review of the changes in the location of the retail business in the city, showing that it had, during the time the defendant had maintained said tracks, moved up town and in a measure away from the plaintiff's premises.

The question was repeated, and before any objection was interposed the witness answered, " Ten thousand dollars."

Counsel for the defendant immediately thereafter said, " I object to that on the ground that it is incompetent and improper ; that the

proper foundation has not been laid for the asking of that question; that it is speculative and not the proper method of proving damages."

The objection was overruled and the defendant excepted.

The court thereupon asked the question: "Ten thousand dollars per year?" The witness answered, "Yes, sir." The witness evidently answered the question propounded by the plaintiff's counsel before the defendant's counsel had an opportunity to interpose his objection, and we think it must be held that the objection was timely.

It is the contention of the defendant's counsel that the question was improper as it called for the opinion of the witness, and that presents one of the questions for our decision.

The competency of such evidence has been much discussed of late by the Court of Appeals.

*McGean* v. *The Manhattan R. Co.* (117 N. Y. 219) was an action brought to recover damages for injuries occasioned to the easements of air and light and access to the property of the plaintiff by the erection and maintenance of an elevated street railroad in a street of the city of New York.

The court held that opinions of witnesses as to the causes which occasioned the decrease of rental value as well as the amount of damages done thereby were improper; that witnesses must state facts and not draw conclusions or give opinions. The question was again before the Court of Appeals in *Roberts* v. *The N. Y. E. R. R. Co.* (128 N. Y. 455). The prevailing opinion elaborately reviews the authorities upon the question of the admissibility of such evidence, and it was held to be inadmissible, and the doctrine of *McGean* v. *Manhattan R. Co. (supra)* was commented upon and approved as laying down the correct rule.

The Court of Appeals has since steadily adhered to this rule of evidence and has reversed numerous judgments because of the admission of such evidence.

Our attention is called to the case of *Rumsey* v. *The N. Y. & N. E. R. R. Co.* (133 N. Y. 79) as laying down a different rule. While some remarks, made in the opinion of the court, might be construed as conflicting with the cases heretofore cited, we do not understand that this precise question was before the court for decision, and we assume they did not intend to disturb the doctrine so carefully and deliberately laid down in the *Roberts* case.

This rule was again announced in *Hunter* v. *M. R. Co.* (141 N. Y. 281), and seems to be so well settled as to be no longer open for discussion.

We, therefore, come to the question whether the grounds of the objection to the evidence were sufficiently broad and specific to avail the appellant upon appeal.

The grounds stated were that it was incompetent and improper; that the proper foundation had not been laid for asking the question; that it was speculative and not the proper method of proving damages.

The grounds of objection in the case of *McGean* v. *The Manhattan R. Co.* (*supra*) were that the evidence was incompetent, irrelevant, hypothetical, and the witness not competent to give an opinion.

The court held that they were not sufficiently specific to raise the question as to the admissibility of the evidence, and remarked: "The objections seem to imply that opinions were competent on the subject." The trial seems to have been conducted on both sides, and more particularly on that of the defendant, upon the theory that all opinions were admissible as to rental value of the premises and the causes which affected it.

In *Carter* v. *N. Y. E. R. R. Co.* (134 N. Y. 168) the grounds of the objection were that it was immaterial, incompetent and hypothetical, and that the difference in value was not the measure of damages. It was held that the objection was not sufficiently specific.

In *Ward* v. *Kilpatrick* (85 N. Y. 416) it was held that the objection that the witness was not a competent judge and the inquiry involved a conclusion of law, would not answer. In the *Roberts* case (*supra*) an objection that the evidence was incompetent, that it was for the court alone, and not for the witness, to determine the amount of damage, was held to be sufficient, as it called the attention to the vice in the question, that is, that it made the witness the judge of the damages, while that was the province of the court or jury. In the case at bar, in addition to the grounds which were held not to be sufficient in the cases cited, there was added, "that it is speculative and not the proper method of proving damages."

It was held in the *Roberts* case that the objection that the evidence was "speculative" was sufficient.

Judge PECKHAM in his opinion says: "It is speculative upon the very question, and upon the only question which the court or the

jury is called upon to decide, and the question calls for the opinion of the witness upon that very subject." It had, as we have seen, been held that the word "hypothetical" was not sufficiently specific. This rule was approved in *Doyle* v. *The Manhattan R. Co.* (128 N. Y. 494).

As to the second ground stated, all agree that the true measure of damages was the difference between the rental value of the premises with, and their rental value without, the railroad present in the street.

The defendant's objection was to the method the plaintiff was pursuing to prove his damages.

If the objector intended by his objection to raise the question of the propriety of that rule or theory or method of proving the damages, it was clearly insufficient, for the plaintiff was entitled to prove such difference by competent evidence.

If, on the other hand, the ground of the objection mentioned was sufficiently specific to call attention to the point that the opinion of the witness, as to the amount of damages, was not admissible, but that the witness should state facts and not draw conclusions, it was sufficient.

It was for the counsel making the objection to state his grounds so specifically that the exact point would be presented, so that the form of the question could, if desired, have been so changed as to have avoided the objection.

In the absence of an authority we might entertain some doubts as to the latter ground of the objection being sufficient; we find, however, upon reference to the case of *Kernochan* v. *The Elevated R. R.* (128 N. Y. 559), that this same ground of objection to such evidence was held to be sufficient.

Upon the strength of these authorities we are constrained to hold that the defendant's objection was sufficiently specific, and that it was reversible error to admit the evidence.

The complaint alleged that plaintiff owned the entire fee of the street in front of his premises; the proof was that he owned the undivided one-half only; the defendant was permitted upon the trial to amend his answer setting up the non-joinder of the other tenants in common with the plaintiff.

The defendant asked at the close of the case for a dismissal of the action because it appeared that the plaintiff was not the sole owner of the fee in the street.

The plaintiff was the owner of the entire fee of the abutting lot, and the damages he sought to recover were to the rental value of that lot. The damages to the fee of the street were nominal.

The jury were instructed by the court that the plaintiff was entitled to recover six cents only for injury to the street proper.

Plaintiff's co-tenants in the fee of the street were not interested in the question of the damages claimed in the complaint. They, at most, would have been entitled to only one-half of the six cents.

If the action had been simply for injury to the fee of the street, the damages would have been nominal. (*City of Buffalo* v. *Pratt,* 131 N. Y. 299.)

Judgments will not be reversed to allow a party to re-try a cause of action where only nominal damages are involved.

The judgment and order appealed from should be reversed and a new trial granted, with costs to abide the event.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment and order appealed from reversed and new trial granted, costs to abide event.