1. EMINENT DOMAIN—INJURIES TO ABUTTING PROPERTY—ELEVATED RAILROAD
   —EXPERT TESTIMONY.
    In an action against an elevated railway company for damages for in-
    juries to abutting property, testimony of an expert witness that the decline
    in the fee and rental value of the premises was due to the elevated rail-
    road, was improper.

2. SAME—RENTAL AND FEE VALUES.
    The owner may be allowed compensation for injuries to the rental value
    of the premises, though the fee value has not been diminished; but no
    compensation should be allowed for damages to the fee merely on account
    of loss of rent, in the absence of anything to show that the market value
    of the premises has been diminished.

Appeal from judgment on report of referee.

Action brought by Eleanor Flynn against the Kings County Ele-
vated Railway Company for damages for injuries to the rental and
fee value of her property.   There was judgment for plaintiff, and
defendant appealed.   Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BART-
LETT, and HATCH, JJ.

Russell, Poste & Percy, for appellant.
Charles H. Hodges, for respondent.

PER CURIAM.   This is the usual action of an abutter against an
elevated railroad company to recover damages for injuries to the
rental and fee values.   The principal error urged upon this appeal
relates to the admission of testimony.   The following question was
put to the expert witnesses produced for the plaintiff:   "Assuming
that as soon as defendant's road came into Fulton street, opposite
these premises, at the corner of Fulton and Cumberland streets, their
values, rental as well as fee, declined, and assuming that at the
same time there was no such decline in the value of premises in the
neighboring side and parallel streets where there was not an elevated
railroad, what, in your opinion, occasioned such decline in these
premises?"   Against the defendant's objection and exception, the wit-
nesses, with one exception, answered: "To the elevated railroad."
The excepted witness answered: "Two reasons,—one, the elevated
railroad; the other, a general depreciation."   At times it is ex-
tremely difficult, following the many decisions of the court of last re-
sort as to the competency of evidence in this class of cases, to deter-
mine whether particular opinions of witnesses are or are not admis-
sible; but we think the testimony objected to in this case has been
condemned by all the authorities.   In Peyton v. Railroad Co., 62 Hun,
536, 17 N. Y. Supp. 244, the witness was asked: "To what do you
ascribe this change in the character of the tenants or dwelling por-
tion of the premises on Third avenue, which you stated took place?"
The witness answered: "To the elevated road."   The admission of
this evidence was held error, and the judgment reversed.   In Mc-
Gean v. Railway Co., 117 N. Y. 219, 22 N. E. 957, it was held: "The

opinions of witnesses as to the causes which occasioned the decrease of rental value, as well as to the amount of damages done thereby, were clearly improper." In Roberts v. Railroad Co., 128 N. Y. 455, 28 N. E. 486, it was held improper to ask an expert witness to what extent the rental and fee values of the premises had been damaged by the elevated railroad. The question put to the witness in this case was substantially the same as that in the case last cited, for the decrease in rent had been already established by other witnesses, and an answer that such decrease was caused by the elevated railroad was the same, in effect, as a statement that the rental value had been damaged by the railroad to the amount testified. We find nothing in the Hunter Case, 141 N. Y. 261, 36 N. E. 400, overruling or limiting the previous decisions, or justifying the admission of this testimony. In that case the opinions of experts were admitted upon the question whether the existence of such a structure as an elevated road would affect the rental and fee values of abutting premises generally, and also whether there was anything in the condition of adjacent streets which would induce a different course of values in those streets than the one on which the elevated railroad was constructed. But the case is not an authority for the proposition that an expert witness may give his opinion as to the specific damage inflicted on a particular piece of property. In the McGean Case, supra, the judgment was not reversed on account of the admission of the objectionable testimony referred to; the court being satisfied that the defendant was not harmed by the evidence in question, the fact testified to having been established abundantly by other competent evidence, and the case having been tried, on both sides, on the theory that such evidence was admissible. We cannot say that here the error has been harmless. The evidence tends to show that for the last few years there has been a decline in the value of real estate generally in the city of Brooklyn, which, of course, has been occasioned by other causes than the construction of an elevated railroad. The evidence of the plaintiff's own experts concedes this, despite the fact that, by their answers to the questions quoted, they have referred all such decline in this case to the construction and operation of the railroad. Therefore, the vital inquiry in this case was, what part of the decline was to be attributed to the defendant's road? and the improperly admitted evidence went right to this inquiry.

Nor are we entirely satisfied with the result of the decision of the learned referee. Cook, who seems to be the most reliable of the plaintiff's witnesses, being a real-estate agent of large experience and long in the business, testified that the fee value of the lot itself of plaintiff's property, without the building, had increased since the erection of the road. If this be the fact, we are at a loss to see how there could be any fee damage to the improved property, in the absence of any proof or claim that the improvement was of a character not fitted for the land since the erection of the railroad. It may well be that part of the diminution of the rental value of the flats above the store is due to the annoyances and inconveniences of an elevated railroad. It is also entirely possible that during the transition period, which occurs after the construction of such a road, the

rents of abutting property may be injured and diminished. For these an abutter would be entitled to compensation, even though the fee value had not been diminished; but no compensation should be allowed for damages to the fee merely on account of the loss of rents, or unless it was shown that the market value of the fee was depreciated. In the case of Jamieson v. Railway Co., 147 N. Y. 322, 41 N. E. 693, a strict rule has been laid down as to the effect of the admission of improper evidence in this class of cases. We cannot say that here the defendant has not been prejudiced by it, and therefore the judgment should not stand.

The judgment should be reversed, and a new trial ordered, and the reference vacated; costs to abide event.