jection. The constitutionality of the rapid transit act is conceded by petitioner's counsel. The weight of authority sustains such limitations of time as in the rapid transit act above quoted, and therefore the reasons offered by the petitioner in extenuation of his failure to file his claim within that limit may not be considered, even under section 724, Code Civ. Proc., which, in any aspect, cannot be availed of where a statute of limitations is at law. Petitioner's counsel urges that the exception in the quoted provision of the rapid transit act entitles him to relief, but that provision only protects the real party to an award made in the event that he has neglected to file notice of claim within the time limit; doubtless meaning an award to unknown owners. This exception is not an extension of the time limit for filing claims. This strict construction is necessary to carry out the evident intent of the statute to make this proceeding somewhat summary. As above stated, the commission has before it Le Moult's lease. It may of its own motion place a value upon it, but, whether or not that be done, it is not for me to say on this application that Le Moult is remediless against the owner of the fee after the award is made.

Motion denied. No costs.

---

(63 Misc. Rep. 120.)

### CONCORD CONST. CO. v. PLANTE.

(Supreme Court, Special Term, New York County.   April 2, 1909.)

1. MECHANICS' LIENS (§ 291*)—SCOPE OF RELIEF.
    A court of equity having jurisdiction of the parties in an action to foreclose a mechanic's lien can determine the validity of claims in any wise interfering with the enforcement of the lien.
    [Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 291.*]

2. MECHANICS' LIENS (§ 113*)—RIGHTS OF LIENORS.
    A promise by a building contractor to pay the claim of a third person out of the moneys which become due under the contract is not binding as against lienors for materials used in the construction of the building.
    [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 148; Dec. Dig. § 113.*]

Action by the Concord Construction Company against Guthrie B. Plante to foreclose a mechanic's lien. Judgment adjudging the invalidity of assignments made by the contractor.

Bassett, Thompson & Gilpatric, for plaintiff.
H. & J. J. Lesser, for defendant.

NEWBURGER, J. This is an action to foreclose a merchant's lien. It is conceded that there is now due and owing from the city of New York on the contract made between H. M. Weed & Co. and the city for the erection of Public School No. 51 the sum of $25,140. Before the work had been fully performed and the contract completed Weed & Co. executed a number of assignments covering the moneys to be paid by the city upon said contract. Of the four assignments thus made, one was to the wife of Hamilton Weed, another to a brother-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in-law, the third to the mother-in-law, and the fourth to one Bolton. These assignments are dated the 2d of October, 1907. On the 3d of October the plaintiff filed his lien, and thereafter the defendant lienors filed liens, while the defendant Hamershlag filed instruments claiming the amount of $15,000. On the 12th of October, 1907, a petition in involuntary bankruptcy was filed against H. M. Weed & Co. Thereafter they were adjudicated bankrupts, and on the 7th of February, 1908, the defendant Plante was duly appointed and qualified as trustee of the assets and effects of said bankrupts. The plaintiff and defendant lienors ask in their pleadings that the question as to the validity of the assignments and of the claim of the defendant Hamershlag be determined in this action.

It has been repeatedly held that a court of equity having jurisdiction of the parties and of the action can determine the validity of claims that in any wise interfere with the enforcement of a lien under the mechanic's lien law (Laws 1897, p. 514, c. 418). See Gross v. Daly, 5 Daly, 540; Mahoney v. McWalters (Sup.) 38 N. Y. Supp. 256; N. Y. L. Co. v. 73d St. Bldg. Co., 5 App. Div. 87, 38 N. Y. Supp. 869. The court thus having jurisdiction, the question to be determined is as to the validity of the four assignments, and I find that the assignments to Jane M. Janes, Martha R. Weed, Janes & Leo, and William H. Bolton were not only fraudulent, and made for the purpose of giving a preference to these parties, but were made for the purpose of defeating the liens filed. It furthermore appears that under the contract between the city and the contractor the contractor was prohibited from assigning any funds due under the contract. The lienors had a perfect right, at the time of furnishing materials that were used upon the building, to rely on that provision of the contract, and to assume that, as no assignments could be made, they would be protected.

As to the claim of Hamershlag, a reading of the papers offered by him in evidence, and marked Exhibits A and B, and under which he claims, show conclusively that it was understood that they should not operate as an assignment of any of the funds. At most it was a mere promise on the part of Weed & Co. to pay out of the moneys which became due the amount of the claim, and as against the lienors it is not binding. As to the priority of the liens, that will be determined by me upon the settlement of the findings and decree.

I therefore find that the four assignments heretofore referred to are void as against the plaintiff and the defendant lienors, and that the defendant Hamershlag is not entitled to any portion of the fund, but that the same should be distributed among the lienors. Submit findings and decree in accordance with these views.