COYNE *v.* MANHATTAN RY. CO.

*(Supreme Court, General Term, Second Department.* December 14, 1891.)

1. OPINION EVIDENCE—COMPETENCY OF MEDICAL WITNESS.
   Where it appears, in an action for personal injuries, that a physician was called to attend plaintiff on the day of her injury, and continued to attend her to the time of trial, the physician is competent to testify that, in his opinion, plaintiff's injuries are permanent.
2. SAME—PERSONAL KNOWLEDGE OF WITNESS—HYPOTHETICAL CASE.
   A medical witness may give his opinion as to the permanence of a personal injury from his own personal knowledge, derived from his attendance on and observation of the person injured, and it is not necessary that he should give his opinion, in such case, on an hypothetical state of facts.

Appeal from circuit court, Putnam county.

Action by Sarah Coyne against the Manhattan Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and PRATT, J.

*Davies, Short & Townsend,* (*Julien T. Davies* and *Samuel Blythe Rogers,* of counsel,) for appellant. *Frederic S. Barnum,* for respondent.

PRATT, J. The only objection seriously urged to the recovery is that it is claimed that Dr. Miller was allowed to give an opinion without a proper foundation having been laid therefor. We are not able to see that the objection is well founded. He was asked whether, in his opinion, the injury was permanent. It had already appeared that he was called to attend the plaintiff on the day of the injury, and had continued to attend down to the time of the trial. Her condition during this time had been given with great detail. No one could have a better opportunity to observe her condition; and if it were held that a surgeon, under those circumstances, could not give an opinion as to the permanence of the injuries, it is difficult to see how that fact could be proved before a jury. Appellant argues that opinions can only be testified to in answer to questions hypothetical in form. Such a rule would sacrifice substance to form. But, were the objection well founded, it is cured by the answers; for in his testimony the witness avowedly bases his opinion upon specified facts alleged by the plaintiff. The jury were thus notified that the surgeon's opinion, as expressed, was conditional upon their finding the facts to be as claimed by the plaintiff. Judgment affirmed, with costs.