ADRAN J. REYNOLDS, Respondent, *v.* CITY OF NIAGARA FALLS, Appellant.

*Damages for personal injuries — evidence of physicians — rule of statutory construction — section 75 of chapter 120 of 1886, not repealed by section 86 of chapter 683 of 1892.*

Upon the trial of an action brought to recover damages for personal injuries the plaintiff was asked whether a doctor had presented to him a bill for his services. After his answer in the affirmative the defendant's objection thereto on the ground that he could not recover for medical services unless he had paid for them was overruled and an exception was taken. The plaintiff further answered that "the amount of the bill was twenty dollars." He was then asked a similar question as to another doctor, followed by a like objection, ruling and exception, and the plaintiff answered "sixty dollars."

The doctors were called as witnesses, and the former testified that he charged the plaintiff twenty dollars for his services, and that the charge was reasonable, and the other doctor testified that his services were worth $100.

*Held,* that the evidence given by the plaintiff might not, alone, have entitled such charges for medical services to be considered by the jury, but that the evidence of the doctors was sufficient for that purpose;

That there was no error in the charge to the jury, to the effect that they were permitted to include in the damages the amount of the expenses incurred by plaintiff for such medical treatment.

Upon the trial of such action, one of the doctors who had treated the plaintiff for a short time immediately following his injury, and had examined him again at the time of the trial, was asked: "In your opinion, is the present condition which you found permanent or not?" And, after a general objection and exception, he answered: "I am inclined to believe that it is permanent." Thereupon the motion of the defendant's counsel to strike out the answer was denied and an exception was taken. The witness further testified: "My opinion is that it is permanent."

The injury as described by the doctors was a fracture of the neck of the right femur and, as a consequence of this fracture of the thigh bone, the right leg of the plaintiff had shortened about three-fourths of an inch, and the doctor testified that the movement of it was somewhat limited.

*Held,* that by such evidence the doctor expressed his opinion about the continuance of the known present condition of the plaintiff's limb, and that it was clearly competent.

It is a rule of statutory construction that a general statute will not, by implication, have the effect to defeat the operation of a special and local statute, unless it is manifest that such was the legislative intent.

The provisions of section 75 of chapter 120 of the Laws of 1886, which permits the commissioners of deeds of the city of Lockport to exercise their official

power beyond its municipal limits and within the county of Niagara, are in force notwithstanding the provisions of section 86 of chapter 683 of the Laws of 1892.

APPEAL by the defendant, the City of Niagara Falls, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Niagara on the 5th day of July, 1894, upon the verdict of a jury rendered after a trial at the Niagara Circuit, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 11th day of July, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Frank H. Innes,* for the appellant.

*P. F. King,* for the respondent.

BRADLEY, J.:

The plaintiff, in walking on the sidewalk along the westerly side of Main street in the city of Niagara Falls on the evening of June 23, 1893, stepped into a hole in the walk and sustained an injury.

He brought the action to recover the damages he sustained. The hole in the walk, about seven inches in width, extending across the walk, and about the same depth, was occasioned by the absence of a plank. And the evidence tended to prove that it had been in that condition two or three months at that time; that the street was a main thoroughfare of the city. The conclusion was warranted upon the evidence that the defect in the walk at the time in question was attributable to the negligence of the defendant, and that the plaintiff was free from contributory negligence. Those questions were fairly submitted to the jury and they found upon them in the affirmative.

The questions presented by the defendant for consideration arise on exceptions to the reception and retention of evidence and to a certain proposition of the charge made by the court to the jury. The plaintiff was treated for his injury by two physicians, Doctors McBlane and Cole. He was asked: "Did Dr. McBlane present you a bill for his services?" After his answer in the affirmative, objection upon the ground that he could not recover for medical

services unless he had paid for them was overruled and exception taken. The plaintiff further answered: "The amount of the bill was twenty dollars." He was then asked a similar question as to Dr. Cole, followed by a like objection, ruling and exception, and the plaintiff answered "sixty dollars." Those doctors were called as witnesses, and the former testified that he charged the plaintiff twenty dollars for his services, and that the charge was reasonable, and Dr. Cole testified that his services were worth $100. Although the evidence thus given by the plaintiff may not alone have entitled those charges for medical services to consideration by the jury the evidence of the doctors was sufficient for that purpose. (*Gumb* v. *Ry. Co.*, 114 N. Y. 411.) And there was no error in the charge to the jury to the effect that they were permitted to include in the damages the amount of the expense incurred by the plaintiff for such medical treatment. While it may not have been essentially material for any legitimate purpose of the action to prove that the plaintiff spoke the German as well as the English language there was no error prejudicial to the defendant in his evidence to that effect.

Dr. McBlane, who had treated the plaintiff for a short time immediately following the injury, and saw and examined him again at the time of the trial, was asked, "In your opinion is the present condition which you found permanent or not?" and after a general objection and exception answered, "I am inclined to believe that it is permanent." Thereupon the motion of the defendant's counsel to strike out the answer was denied and exception taken. The witness further testified: "My opinion is that it is permanent." The injury as described by the doctors was a fracture of the neck of the right femur and, as the consequence of this fracture of the thigh bone, the right leg of the plaintiff had shortened about three-fourths of an inch, and the doctor testified that the movement of it was somewhat limited. It was to this condition that he referred in the expression of his opinion. It is urged by the defendant's counsel that this evidence was merely speculative as to the possible developments and the condition of the limb in the future, and within the doctrine of *Strohm* v. *N. Y., L. E. & W. R. R. Co.* (96 N. Y. 305) inadmissible. Such is not the nature of the evidence. By it the doctor expressed his opinion about the continuance of the known

present condition of the plaintiff's limb. This was clearly competent. (*Griswold* v. *N. Y. C., etc., R. R. Co.*, 44 Hun, 236; 115 N. Y. 61; *McLain* v. *Brooklyn City R. R. Co.*, 116 id. 459; *Alberti* v. *N. Y., L. E. & W. R. R. Co.*, 118 id. 77.)

By the charter of the defendant it was a condition precedent to the maintenance of an action for the cause alleged by the plaintiff that the claim, in writing, be presented to the common council within thirty days after the date of the injury, verified by affidavit. (Laws 1892, chap. 143, § 53.) The plaintiff's claim in writing was in due time presented to the common council of the defendant, and it was verified by affidavit taken at Niagara Falls before A. C. Morgan, commissioner of deeds of the city of Lockport, N. Y. It was filed with the city clerk and brought to the attention of the common council, and referred to the city attorney. No question was raised as to its sufficiency prior to the time of the trial. When it was offered in evidence objection was interposed on the ground that the affidavit taken before the commissioner of deeds of the city of Lockport was an ineffectual verification of the claim because he had no authority to take it. And it is now insisted by the counsel for the defendant that such commissioner had no power to perform such an official act beyond the limits of the city of Lockport. By the charter of the city of Lockport it is provided that the commissioners of deeds of the city may administer oaths, etc., at any place within the county of Niagara. (Laws 1886, chap. 120, § 75.) This would seem to relieve the verification of the claim from any question of power of that officer to take the affidavit where it was taken in the county, unless in its exercise he was restricted to his city by the provisions of the later statute that commissioners of deeds shall be appointed by the common council of cities and that they " shall have power to take proof and acknowledgment of all written instruments." (Laws 1892, chap. 683, § 86.)

The method of appointment thus mentioned is the same as that prescribed by section 33 of the charter of the city of Lockport.

It may be assumed that if the power of the commissioner of deeds of that city is dependent upon the later statute the exercise of it would be locally confined to his city, and that such limitation will be implied when nothing appears to the contrary. But the special statute on the subject of the power of the commissioner of deeds of

the city of Lockport is not in terms repealed or superseded by the general statute of 1892. And it is a rule of construction that a general statute will not by implication have the effect to defeat the operation of a special and local one, unless it is manifest that such was the legislative intent. (*Matter of Commissioners, etc.,* 50 N. Y. 493; *People* v. *Quigg,* 59 id. 83; *Van Denburgh* v. *Village of Greenbush,* 66 id. 1; *Matter of D. & H. C. Co.,* 69 id. 209; *Whipple* v. *Christian,* 80 id. 523.)

The provision of the charter of the city of Lockport which permits its commissioners of deeds to exercise their official power beyond its municipal limits and within the county of Niagara is deemed in force notwithstanding the provisions of the later statute before mentioned.

And for that reason, without considering any other, the exception to the introduction in evidence of the verified claim was not well taken.

No other question requires any expression of consideration.

The judgment and order should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and order appealed from affirmed.