(12 Misc. Rep. 568.)

### KELLY v. BROOKLYN HEIGHTS R. CO.

(City Court of Brooklyn, General Term. May 27, 1895.)

STREET RAILROADS—INJURY TO PERSON CROSSING TRACK.
   It is not negligence, as a matter of law, for a person to attempt to drive across a street-railroad track a short distance in front of an approaching car at a place where there are a large number of tracks in the street, and numerous cars are passing all the time.

Appeal from trial term.

Action by John Kelly against the Brooklyn Heights Railroad Company for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Morris & Whitehouse, for appellant.
Thos. E. Pearsall, for respondent.

CLEMENT, C. J. The plaintiff was driving a cab on Pierrepont street, in this city, on the afternoon of December 15, 1893. When he approached Fulton street, where Pierrepont street ends, it was necessary to cross Fulton in order to be on the right hand side of the street in driving to the New York and Brooklyn bridge. In crossing, plaintiff's cab was struck by a trolley car, and he sustained damage to his person and property. There are many lines of cars on Fulton street on the block in question, and it is safe to say that there is no other block in the city where more cars pass in a given time. The learned counsel for the appellant contends that it is negligence for a person in a vehicle to attempt to cross a street-railway track a short distance in front of an approaching car. The rule of law contended for is undoubtedly correct as a general proposition, but has its exceptions. Such a rule cannot be rigidly applied where a vehicle is run into by a street car on a thoroughfare crowded with cars. The railroad company does not have the exclusive right to the use of the street; it does have a paramount right over vehicles. If the company runs so many cars that vehicles must wait till there is no car in sight in order to cross, the drivers would have to wait till late in the evening. It is the duty of the railroad company, in the vicinity of the city hall for example, not to block the streets, but occasionally to give way to the drivers of vehicles who wish to cross. On the other hand, the drivers must not be reckless; must not drive directly in front of an approaching car; must be prudent

and careful. In the case of a collision between a trolley car and a wagon crossing the track, or in a case where a foot traveler attempts to cross the track and is run over, the locality is an important circumstance to be considered in the decision of a motion to dismiss for contributory negligence. McClain v. Railroad Co., 116 N. Y. 459, 22 N. E. 1062. If the driver, by waiting for a few moments, would have a safe passage, he should certainly wait. If he has to wait a long time for any passage at all, then he should not be held to the same degree of care as in a locality where cars only pass at intervals. We have carefully examined the record before us, and are satisfied that the case was properly submitted to the jury on conflicting testimony, and that their verdict should not be disturbed. Judgment and order denying new trial affirmed, with costs.