The proper order in the premises is a direction that the judgment in favor of the plaintiff be reversed, and the cross appeal in his behalf be dismissed, with costs, unless within 30 days the proper person has been substituted as plaintiff. All concur.

---

(50 App. Div. 585.)

### STOOTHOFF v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

OPINION EVIDENCE—EXPERTS.

Where physicians examined as experts for plaintiff in an action for personal injuries had testified that he was suffering from a sprain or wrench of the back, it was prejudicial error to permit them to testify that, in their opinion, the injury was very serious.

Appeal from trial term, Kings county.

Action by Thomas F. Stoothoff against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

John L. Wells, for appellant.

Herman Aaron, for respondent.

HIRSCHBERG, J. The plaintiff proved the receipt of his injuries under circumstances which justified the jury's conclusion that the defendant was liable. The only question to be considered on the appeal relates to the amount of the verdict and to the competency and propriety of the medical evidence on which it was based. The plaintiff is a plumber and gas fitter, having a shop of his own. Since his injury he testified that he has done as much work as he was able to do, but that the earnings from his business have not been as large since the injury as before. He was thrown out of his wagon at the time of the injury, and claims to have received a severe sprain of the muscles of his back. No bones were broken. He was attended by his physician four months, during which he was confined to the bed or to the house, but the physician who treated him was not called as a witness. Two other physicians, however, who examined him apparently for the sole purpose of testifying, did give evidence, based necessarily, to some extent, upon subjective symptoms, to the effect that the plaintiff was suffering from a severe sprain of the muscles of ligaments of the lumbar region; that the muscles on the left side of the spinal column were in a condition of spasm, which the slightest touch would exaggerate; and that there was a sprain or wrenching of the spine. One of these physicians testified that he did not think it reasonably probable that the plaintiff would ever entirely recover, while the other declared there was a reasonable probability of such recovery, but that it would take a long time. The plaintiff was then permitted, subject to objection and exception, to inquire of the physicians whether they thought the plaintiff's injuries were serious. The precise question asked of one was, "Will you tell us as to the seriousness or triviality of the injury that you found?" to which he

replied, "Those injuries are always serious, and long continued;" and of the other, "Will you tell us about the seriousness or otherwise of that injury?" to which he answered, "I believe it is a very serious injury." A motion to strike out each answer was denied, and an exception taken. The verdict was large,—$9,000,—and, as this was practically all the evidence, it is apparent that the defendant was prejudiced by its reception, and that there must be a new trial, if its reception was error.

The general and only safe rule of evidence is that testimony should consist of facts, and not opinions, and the admission of opinions forms an exception to that general rule. Such opinions are never received where it is feasible to elicit the facts upon which they are based, and where special skill or science is not necessary in order to form them. In this case it was entirely competent for the physicians, in addition to stating what they found on the physical examination of the plaintiff, to state fully and in detail the nature and extent of his injuries, their effect upon his person and his system, the pain and other suffering or inconvenience to which they would subject him, the nature of the treatment required, and its probable results, and their opinion of the permanency of the injuries and their effects, so far as they were able to give it with reasonable certainty. With this information it would be as possible for the jury as for the physicians to determine whether the injuries were serious, and to fix the precise degree of seriousness of the injuries in the plaintiff's case, and with special reference to his life and occupation, as they were required to do by law in order to assess the damages. If, in place of this evidence, the mere opinion of the expert, given on his direct examination, can be taken, to the effect that the case is one calling for a large, and not a small, judgment,—that is, that he regards the injury as serious, and not trivial,—there could be no rule of certainty in the assessment of damages, and no intelligent review possible of the jury's determination. The true rule was declared by the court of appeals in Van Wycklen v. City of Brooklyn, 118 N. Y. 424, 429, 24 N. E. 179, that:

"While it is no longer a valid objection to the expression of an opinion by a witness that it is upon the precise question which the jury are to determine (Transportation Line v. Hope, 95 U. S. 297, 24 L. Ed. 477; Bellinger v. Railroad Co., 23 N. Y. 42; Cornish v. Insurance Co., 74 N. Y. 296), evidence of that character is only allowed when, from the nature of the case, the facts cannot be stated or described to the jury in such a manner as to enable them to form an accurate judgment thereon, and no better evidence than such opinions is attainable (Ferguson v. Hubbell, 97 N. Y. 507; Schwander v. Birge, 46 Hun, 66; Greenl. Ev. § 440, note)."

In Schwander v. Birge, supra, Mr. Justice Bradley said (page 69):

"The governing rule deduced from the cases permitting the opinions of witnesses is that the subject must be one of science or skill, or one of which observation and experience have given the opportunity and means of knowledge, which exists in reasons rather than descriptive facts, and therefore cannot be intelligently communicated to others not familiar with the subject so as to possess them with a full understanding of it."

In Ferguson v. Hubbell, supra, Judge Earl said (page 513):

"Opinions are also allowed in some cases where, from the nature of the matter under investigation, the facts cannot be adequately placed before the

jury so as to impress their minds as they impress the minds of a competent, skilled observer, and where the facts cannot be stated or described in such language as will enable persons not eyewitnesses to form an accurate judgment in regard to them, and no better evidence than such opinions is attainable. * * * Where the facts can be placed before a jury, and they are of such a nature that jurors generally are just as competent to form opinions in reference to them and draw inferences from them as witnesses, then there is no occasion to resort to expert or opinion evidence."

The question which the jury was to decide in this case was the amount of money which would compensate the plaintiff for his injuries, and an accurate estimate in that respect necessarily required them to determine the severity and extent of the injuries. The jury would be aided very little if the plaintiff could rest upon their general characterization by his physicians as "serious," and the defendant in turn depend upon an equal or greater number of physicians who would characterize them as "trivial," while all effective review of the propriety of the result reached would be precluded. The nature of the case requires no such result. The province of the expert is limited to a statement of facts, and his opinion, based thereon, as to the nature and extent of the injury in itself, and its effect upon the patient, the cause and probable duration, with other like matters, from which the jury can determine whether or not the injury is serious, and in what degree. After being placed in the possession of all the facts known to the expert and of his opinion in respect to such matters as are necessarily the subject of opinion, the jury is as capable as the expert of determining whether a given affliction is or is not serious. It may be conceded that an injury which to a layman appears trivial may be serious in the sight and knowledge of a skilled physician, yet all the facts and apprehensions which render it serious may be readily disclosed in the testimony of the expert, and its serious nature thus legitimately exhibited to the jury. The questions under consideration, as was said of one somewhat similar in Van Zandt v. Insurance Co., 55 N. Y. 169, 179, did not call for "any fact or information peculiarly within the knowledge of an expert for the purpose of guiding the jury in coming to a conclusion, but for the inference of the witness from a supposed fact, which inference the jury were capable of drawing, and which it was within their province to draw, if justified by the facts proved, without being influenced by the opinion of the witness." See, also, Kennedy v. People, 39 N. Y. 255, 257; Pratt v. Railroad Co., 77 Hun, 139, 28 N. Y. Supp. 463; Roberts v. Railroad Co., 128 N. Y. 455, 28 N. E. 486, 13 L. R. A. 499, and cases cited.

In support of the rulings made by the learned trial justice the respondent cites Rog. Exp. Test. § 30, that:

"The opinions of witnesses skilled in science and practice of medicine are admissible as to the nature of the disease a person is afflicted with, and as to how long he has been afflicted with it. Their opinions are also received as to the severity and ordinary duration of the disease."

An examination of the cases cited by the author will show that they lend no aid to the proposition contended for by the respondent. They are Linton v. Hurley, 14 Gray, 191; Willey v. Portsmouth, 35 N. H. 303; and Jones v. Railroad Co., 40 Hun, 349. In Linton v. Hurley, supra, the injury was a broken leg. The surgeon who attended the

plaintiff testified on cross-examination, without objection, that the plaintiff appeared to have been intemperate in his habits, and that such a person would naturally suffer more pain from the injury, and be slower in recovery. To negative the argument that the plaintiff suffered more severely on account of his intemperate habits, his counsel called two surgeons, and put to them various questions as to the nature, severity, and ordinary duration of an injury similar to that of the plaintiff, and as to the predisposing causes in any person which might retard the healing of such a fracture. The court said (page 192):

"If the defendants had a right to rely on the fact that the bad habits of the plaintiff aggravated the consequences of the injury which he had sustained, in order to reduce the amount of damages, then the evidence of surgeons as to the effect of predisposing causes or similar injuries was clearly competent."

In Willey v. Portsmouth, supra, the question asked was, "What would be the natural result of a sprain of the back and a bruise of the side, as to duration, soreness," etc.? In Jones v. Railroad Co., supra, the court justified an inquiry of a physician calling for his opinion as to the effect of injuries sustained upon the health of the patient. It will be seen, therefore, that, if the text of Mr. Rogers is to be assumed as justifying the inquiries in the case at bar, it is not supported by the decisions cited. The judgment and order should be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.