the car in rounding it, I think that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

HATCH, J., concurs.

---

(73 App. Div. 587.)

### BUCKLEY v. NEW YORK & N. S. RY. CO.

(Supreme Court, Appellate Division, Second Department.   June 13, 1902.)

1. STREET CARS—NEGLIGENCE—INSTRUCTIONS.
    Where plaintiff's proof indicated that his deceased saw an approaching car, and attempted to get out of the way, an instruction that if, by the exercise of reasonable care, deceased could have seen the car, and ought to have apprehended the danger, he was chargeable with negligence, was properly qualified by stating that deceased could see the car, and his conduct should be governed accordingly, and he could not take any chances which ordinarily careful men do not take under the circumstances.

2. DEATH—DAMAGES—AMOUNT.
    An award of $5,000 for the negligent killing of a strong and healthy farmer, 50 years old, who earned and expended $1,000 per year in the maintenance of his household, was not excessive.

Appeal from trial term, Queens county.

Action by Bridget Buckley, administratrix, against the New York & North Shore Railway Company.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

George F. Hickey, for appellant.
Van Buren Denslow, for respondent.

WILLARD BARTLETT, J.   This is a negligence suit, arising out of a collision between one of the defendant's trolley cars and a truck driven by the plaintiff's intestate, from which he was thrown, receiving injuries resulting in his death.   The record does not support the propositions of counsel for the appellant to the effect that there was a failure to prove the necessary elements of the plaintiff's cause of action, or that the verdict was against the evidence.   There is only one exception which requires discussion.   The learned trial judge was requested to charge that:

"If, by the exercise of reasonable care, Mr. Buckley could have seen the approaching car, and ought to have apprehended the danger of the situation, he was chargeable with negligence, for he was not at liberty to take even doubtful chances of being too near or on the track in a place of danger, and in reliance on the successful attempt of the motorman to slacken the speed of his car."

This request was taken from the opinion of the Second division of the court of appeals in the case of McClain v. Railroad Co., 116 N. Y. 459, 465, 22 N. E. 1062.   The court did not charge this proposition in the form requested, but said:

"By the exercise of reasonable care, yes.   He could see it.   There is no question about it, and he must be charged with having seen it.   The road

was straight, and the weather was clear, and you must assume that he did see the car when it left Queens. You must measure his conduct as though it had been proved that he had seen the car approaching, because he is chargeable with notice of whatever the proper use of his eyes and ears would have informed him of."

The learned trial judge also instructed the jury in response to the same request:

"He had not a right to take any chances which ordinarily careful men do not take under these conditions; and if he took more chances than that, and the accident resulted from that fact, there can be no recovery."

These instructions were quite as favorable to the defendant as the proof warranted. It does not follow that a party is entitled to have a proposition of law charged simply because that proposition may be found in a reported opinion of an appellate tribunal. The propriety of repeating such an instruction depends upon the circumstances of the case on trial. If these are different from the facts which the evidence tended to establish in the case from which the legal proposition is taken, the repetition of the proposition may be inappropriate and misleading. It would have been so here. In the case which was under consideration by Judge Bradley in 116 N. Y., 22 N. E., the plaintiff had testified that he did not see the car or horses by which he was struck down, while in the case at bar the proof in behalf of the plaintiff indicated that the deceased saw the car when it was 75 or 100 feet distant, and at once tried to get out of its way. This difference justified the qualified instructions given by the learned trial judge in response to the request of defendant's counsel, and the exception is untenable.

The verdict of $5,000 cannot be deemed excessive in view of the fact that the deceased was a strong and healthy farmer, 50 years of age, cultivating the whole of a farm of 57 acres, and earning and expending $1,000 a year in the maintenance of his household, which appears to have consisted of his wife and nine children. Under the circumstances I think that the damages awarded were entirely reasonable, and I advise an affirmance of the judgment.

Judgment and order affirmed, with costs. All concur.