### ADLER v. LESSER.

(Supreme Court, Appellate Term. May 15, 1908.)

1. TRIAL—TAKING CASE FROM JURY—WITHDRAWAL OF JUROR.

In a suit for personal injuries, a physician, on behalf of plaintiff, was asked the following question: "Do you know whether that physician [naming him] was the physician for the accident company in this case?" The court sustained defendant's objection to the question, but refused to allow the withdrawal of a juror. *Held*, that such refusal was not an abuse of discretion requiring a reversal of the judgment; defendant's duty having been to immediately request the court to instruct the jury to disregard the question.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 329.]

2. SAME.

A request for leave to withdraw a juror is usually a favor and not a right and it generally rests within the sound discretion of the trial court to decide whether or not such damage has been done by the question as to warrant a mistrial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 329.]

3. DAMAGES—ADMISSIBILITY OF EVIDENCE—NATURE AND EXTENT OF INJURY.

A physician should only testify as to the permanency of injuries where he can say with reasonable certainty that they are permanent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 483.]

4. EVIDENCE—EXPERT EVIDENCE—PHYSICIANS—PERMANENCY OF INJURY—OPINION OR CONJECTURE.

In an action for personal injuries, plaintiff's attending physician, after stating the services he had rendered plaintiff and the facts of the

injuries, was asked to give his opinion as to the permanency of the injuries, and he answered that he considered them permanent. *Held*, that the question was a proper one, calling for positive physical facts known to the witness and not for mere conjecture, the answer expressed an opinion about the continuance of a known condition of plaintiff's injuries.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2308, 2312.].

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by William Adler, an infant, etc., against Rachel Lesser. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Hirsch & Rasquin, for appellant.

Louis Rosenberg, for respondent.

PER CURIAM. The action was brought to recover the sum of $500 damages for personal injuries, and was tried before the court with a jury. A verdict was rendered for plaintiff. Defendant appeals. The evidence on the part of the plaintiff was substantially that the plaintiff, a boy of eight years of age, was standing upon Rutger street in the borough of Manhattan, three or four inches from the curb; that a wagon, upon which appeared the name "Lesser, 90 Pitt Street," was driven rapidly along said Rutger street near the curb; and that, as it came opposite to the plaintiff, the hub of the front wheel struck him, throwing him in front of the front wheel, and that plaintiff's right leg was caught between said front wheel and a stone which was lying in the street, and that he thereby suffered the injuries complained of.

The judgment is assailed upon the sole ground of alleged errors in the rulings of the court. During the examination of the physician called on behalf of the plaintiff, he as asked the following question by the attorney for the plaintiff: "Q. Do you know whether that physician, Dr. Kunitzer, was the physician for the accident company in this case?" This question was objected to by the defendant's counsel, and a request made for the withdrawal of a juror in the case. The court sustained the objection, but refused to allow the withdrawal of a juror, and the defendant's attorney took an exception to such refusal. We do not think that there was any such persistency in this line of questioning as would amount to abuse calling for a reversal. The defendant's rights cannot be said to have been prejudiced; and, were she fearful lest an impression be left in the minds of the jury, she should have requested the court then and there to instruct the jury to disregard it. Stouter v. Man. R. R. Co., 127 N. Y. 663, 27 N. E. 805. No such request was made, and the defendant should not now be allowed to take advantage of her silence, and ask for a reversal on that ground. A request for leave to withdraw a juror is usually a favor, and not a right, and it generally rests within the sound discretion of the trial court to decide whether or not such damage has been done by the question as to warrant a mistrial. Cattano v. Met. St. Ry. Co., 173 N. Y. 572, 66 N. E. 563. There does not appear to have been any abuse of discretion here requiring a reversal of the judg-

ment. Again, the appellant claims that it was error for the trial court to permit certain questions propounded to the witness Bloom, who was the attending physician of the plaintiff, and who, after stating the services he had rendered to the plaintiff, was asked the following question by counsel for the plaintiff: "Q. From your examination of the boy, what in your opinion are the nature of the boy's injuries with reference to being permanent or otherwise?" This question was objected to as incompetent, irrelevant, and immaterial, and as not a proper way to ask a question as to permanency of injury. The court overruled the objection, and counsel for the defendant took an exception, and the witness answered he considered it permanent. Later in the examination of this witness the court itself asked the question: "Q. What is your opinion of the permanency of the injuries?" This was objected to as incompetent, irrelevant, and immaterial. The objecttion was overruled and an exception taken, and the witness answered that the injuries in his opinion were permanent. It is true that a physician should only testify as to the permanency of injuries where he can say the same are permanent with reasonable certainty. Strohm v. Railroad Co., 96 N. Y. 305; Stoothoff v. Brooklyn Hgts. R. Co., 50 App. Div. 585, 64 N. Y. Supp. 243; Briggs v. N. Y. C. R. R. Co., 177 N. Y. 62, 69 N. E. 223, 101 Am. St. Rep. 718. The objection in the case at bar, however, was properly overruled. The question did not call for guess or conjecture, and the witness was not asked to speculate. He was asked for a positive physical fact then, and at that very moment, to him known. The question was put to an attending physician, conversant with the facts of the injuries, which facts had been previously described to the jury. By his answer he expressed his opinion about the continuance of a known present condition of the plaintiff's injuries. Coyne v. Man. R. R. Co., 62 Hun, 620, 16 N. Y. Supp. 686; Reynolds v. City of Niagara Falls, 81 Hun, 353, 30 N. Y. Supp. 954; Griswold v. N. Y. C. R. R., 44 Hun, 236; McClain v. Brooklyn City R. R. Co., 116 N. Y. 459, 22 N. E. 1062; Alberti v. N. Y. L. E. & W. R. Co., 118 N. Y. 77, 23 N. E. 35, 6 L. R. A. 765; Stouter v. Manhattan R. R., 127 N. Y. 661, 27 N. E. 805; Turner v. City of Newburg, 109 N. Y. 301, 310, 16 N. E. 344, 4 Am. St. Rep. 453; Filer v. N. Y. C. R. R., 49 N. Y. 47. As these are the only grounds urged on this appeal, the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.